WHITWAM VS. THE WISCONSIN & MINNESOTA RAILROAD COMPANY, imp.

*October 5 — October 23, 1883.*

*Railroads — Pleading — Master and Servant — Negligence.*

1. The law does not require that a railroad company should have all its cars or locomotives constructed after the same pattern, but only that they shall be reasonably safe for the uses to which they are put.

2. The complaint alleges that the defendants (the *Wisconsin & Minnesota* and the *Chippewa Falls & Western* railroad companies) were the owners of the cars, locomotives, and other appurtenances used by them in and about operating their railroads, and that the plaintiff while in their employ as a brakeman on one of their freight trains was injured while attempting, in pursuance of an order of the conductor, to cut off the engine from "a Green Bay railroad car" which was next to it, by reason of the fact that the draw-bar on the engine was too short to be used in connection with said car. *Held:*

(1) The term "Green Bay railroad car" was employed to describe the car and not to designate the owner, and the general allegation of ownership covers such car.

(2) It was not *per se* negligence on the part of the defendants to

Whitwam vs. The Wisconsin & Minnesota Railroad Co., imp.

use an engine the draw-bar of which was too short to permit one of its cars to be safely coupled thereto or detached therefrom.

(3). The *gravamen* of the action is the coupling of such car to the engine with the short draw-bar. It does not appear when, where, or by whom this was done, but such coupling and the order for detaching the 'car were manifestly the acts of co-employees of the plaintiff, and the defendants, therefore, are not liable for the injury.

APPEAL from the Circuit Court for *Eau Claire* County.

The action is to recover for personal injuries alleged to have been received by the plaintiff through the negligence of the defendant corporations, while the plaintiff was in their service as a brakeman, and in the discharge of his duty as such. The defendant *The Wisconsin & Minnesota Railroad Company* interposed a general demurrer to the complaint, and takes this appeal from an order overruling the same.

The complaint alleges the corporate character of the defendants; also that at and before the time the plaintiff was injured, they were running and operating two railroads from Abbotsford to Eau Claire, at which times they were " the owners of both of said railroads, together with the tracks of the same, and the cars, locomotives, and all other appurtenances used by the said defendant corporations in and about operating and running the said railroads; " that on February 15, 1882, the plaintiff was in the service of defendants as a brakeman, and was employed as such on a freight train running between the points above named; and that when such train was at Curtis Station he was ordered by the conductor of the train, whose orders it was his duty to obey, " to cut off or detach the engine then and there attached to said freight train, and come in on the side track of said railroads with said engine."

The complaint then proceeds as follows: " At the time plaintiff received said order, said engine of said train was attached next and contiguous to a Green Bay railroad car,

one of the cars in and of said freight train, with a draw-bar of said defendants' railroad attached to the said engine, and that the said draw-bar making said connection of said engine with said Green Bay railroad car was, by the carelessness, culpable inattention, negligence, and acts of the defendants' other servants and employees, suffered to be, and was in fact, at the time plaintiff received said order, and for some time prior thereto, defective in construction and adaptation for use, and much too short to be used for and in connection with said Green Bay railroad car for connecting the same in said train with said engine without great danger of certain and inevitable accident and serious injury to any person, servant, or employee of the defendants who should or did attempt to obey said order of said conductor; and plaintiff shows, on information and belief, that the defendants, by and through their servants other than the plaintiff, who made up said freight train with said Green Bay railroad car as one of the cars of said train, and so attached the same to said engine by said defective bar as aforesaid, well knew at all times that the said bar by which such connection of said engine with said Green Bay railroad car was made and effected, as aforesaid, with said train, was defective in construction and adaptation for use, and was in fact too short for use as a means and method of effecting such attachment of said engine to said car and train without great danger of certain and inevitable accident and serious injury to the plaintiff if he attempted to obey and execute the said order as given by said conductor aforesaid."

It is then alleged that the plaintiff attempted to execute the order of the conductor, and in so doing received the injuries of which he complains, and that the same were caused " by the culpable inattention, negligence, and carelessness, and wrongful acts of the defendants, their servants, employees, and agents, other than the plaintiff, in using and putting in said defective and too short bar to effect and make the con-

nection of said Green Bay railroad car with said train and engine, and in making up said train as aforesaid."

For the appellant there was a brief by *Edwin H. Abbot*, as attorney, and *Howard Morris*, of counsel, and oral argument by *Mr. Morris.* 1. A railroad company has been held not liable for injuries to its employees growing out of the use of foreign cars upon its road, in the following cases: (1) Where the injury occurred primarily through the giving way of a ladder-rung, because of a latent defect arising out of the use of too short a bolt. *Ballou v. C. & N. W. R'y Co.*, 54 Wis., 257. (2) Where a brakeman was injured in coupling two foreign cars, one of which was out of repair, in consequence of which the deadwoods of one car slipped under those of the other. *Smith v. Potter*, 46 Mich., 258. (3) Where a brakeman was injured while coupling two foreign cars, each differing in the construction of the coupling apparatus from those owned by the company by which he was employed, but both being in good repair. *Indianapolis, B. & W. R. R. Co. v. Flanigan*, 77 Ill., 365; *Baldwin v. C., R. I. & P. R. Co.*, 50 Iowa, 680; *Michigan Cent. R. R. Co. v. Smithson*, 45 Mich., 212. (4) Where a yardman was injured while coupling a domestic car to a foreign car with dissimilar coupling apparatus but in good repair. *Toledo, W. & W. R'y Co. v. Black*, 88 Ill., 112; *Way v. I. C. R. R. Co.*, 40 Iowa, 341. In various cases courts have denied recovery where brakemen have been injured in coupling cars owned by the company employing them, which were in good repair but which were not adapted to be readily coupled to each other by reason of difference in height or construction. *Hulett v. St. L., K. C. & N. R'y Co.*, 67 Mo., 239; *Ft. Wayne, J. & S. R. R. Co. v. Gildersleeve*, 33 Mich., 133; *Toledo, W. & W. R'y Co. v. Asbury*, 84 Ill., 429. 2. The negligence, if any, in this case was that of a fellow-servant of the plaintiff. *Howland v. M., L. S. & W. R'y Co.*, 54 Wis., 226; *Dwyer v. Am. Exp. Co.*, 55 id., 453. 3. The danger of uncoupling the engine from the foreign (Green Bay Rail-

road) car was, from the very nature of the undertaking, and as appears from the complaint, manifest to the plaintiff.   He is therefore chargeable with knowledge thereof, and cannot recover.   *Flannagan v. C. & N. W. R'y Co.*, 50 Wis., 462–464; *Hoth v. Peters*, 55 id., 405; *Schadewald v. M., L. S. & W. R'y Co.*, id., 569; *Ballou v. C. & N. W. R'y Co.*, 54 id., 257; *Ft. Wayne, J. & S. R. R. Co. v. Gildersleeve*, 33 Mich., 133; *Michigan Cent. R. R. Co. v. Smithson*, 45 id., 212; *Hulett v. St. L., K. C. & N. R'y Co.*, 67 Mo., 239; *Porter v. H. & St. J. R. R. Co.*, 71 id., 66.

*Alexander Meggett*, upon whose brief the cause was submitted for the respondent, cited:  *Ballou v. C. & N. W. R'y Co.*, 54 Wis., 264; *Wedgwood v. C. & N. W. R'y Co.*, 41 id., 482–3; *S. C.*, 44 id., 44, 49; *Smith v. C., M. & St. P. R'y Co.*, 42 id., 526; *Pool v. C., M. & St. P. R'y Co.*, 56 id., 227; Thomp. on Neg., 944; *Gibson v. Pacific R. R. Co.*, 46 Mo., 163; Moak's Underhill on Torts, 49; Shearm. & Redf. on Neg., sec. 92.


LYON, J.   One branch of the argument submitted by the learned counsel for the appellant is based on the assumption that the " Green Bay railroad car " mentioned in the complaint belonged to some other railroad company.   We think this assumption is not sustained by the averments of the complaint.   It is therein alleged that before and at the time the plaintiff was injured, the cars, locomotives, and all other appurtenances used by the defendants in and about operating and running their railroads, were owned by the defendants.   This covers and includes the Green Bay car.   We therefore agree with the learned counsel for the plaintiff that the term is only employed to describe the car, not to designate the owner; and hence, that we have no question here of the duty of the defendants in respect to a foreign car which is being hauled by them over their railroads.

It is alleged generally in the complaint that the draw-bar

of the engine which was driving the train on which the plaintiff was employed was defective, but, wherever the particular defect is specified, it is invariably charged in the complaint to be that the draw-bar was too short to enable the Green Bay car to be safely coupled to or detached from the engine. It is, we think, a fair and reasonable construction of the complaint to hold that this is the only defect in the draw-bar alleged therein. It is not alleged that there was any defect in the Green Bay car or any other defect in the engine. It does not appear but that all other cars of the defendants could have been safely coupled to or detached from the engine with the short draw-bar, or that the Green Bay car could not have been safely coupled to or detached from any other locomotive, or, perhaps, any other car, of the defendants.

A railroad company is not required to have all its cars or locomotives constructed after the same pattern. It may lawfully construct them after different models, and may use different appliances in operating its railroad. The law only requires that such cars, locomotives, and appliances shall be reasonably safe for the uses to which they are put. Hence, it was not *per se* negligence on the part of the defendants to use upon their railroads an engine, the draw-bar of which was too short to permit one of its cars to be safely coupled to or detached from such engine.

It seems to us that the *gravamen* of this action was the coupling of the Green Bay car to the engine with the short draw-bar, and this is really the only negligence charged in the complaint. It does not appear when, where, or by whom this Green Bay car was attached to such engine, but the attaching of it, as well as the order detaching it therefrom, were manifestly the acts of the servants of the defendants engaged in operating their railroads, and hence of the co-employees of the plaintiff, and therefore the defendants are not liable for the injury to the plaintiff resulting

therefrom. We perceive no escape from this conclusion. Such being the case made by the complaint, the court is of the opinion that, in its present·form, it fails to state a cause of action.

The order overruling the demurrer must be reversed, and the cause remanded with directions to the circuit court to sustain the demurrer.

*By the Court.*— It is so ordered.

